J-S66024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESUS DELGADO | |
| Appellant | No. 1439 MDA 2015 |

Appeal from the Judgment of Sentence June 30, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002654-2013

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 31, 2016**

Appellant, Jesus Delgado, appeals from the judgment of sentence entered after a jury convicted him of fleeing to avoid apprehension. Delgado argues that the evidence at trial was insufficient to establish that he was aware of the warrant for his arrest. After careful review, we affirm.

Delgado had been paroled on his sentence for robbery with serious bodily injury and was under the supervision of the Pennsylvania Board of Probation and Parole ("PBPP") in February 2013 when the PBPP determined he had violated the conditions of his parole. **See** N.T., Trial, 5/21/15, at 29. His parole officer directed him to appear at a conference on February 20 to discuss what sanction would be imposed for his violation. **See id**., at 23. Deglado did not report for his sanction conference on February 20. **See id**.

His parole officer orally informed Delgado and sent him a certified letter confirming his duty to attend a sanction conference on February 27. *See id*., at 24. The certified letter was returned unclaimed. *See id*., at 46. Delgado did not appear at the scheduled time on February 27. *See id*., at 24.

On March 2, his parole officer called him and informed him that he had failed to appear at required conferences twice. *See id*., at 26. She further informed him that if he failed to appear on March 6, an arrest warrant would be issued. *See id*. Delgado immediately terminated the call, and refused to answer any further calls from his parole officer. *See id*.

Delgado's parole officer immediately initiated the process for procuring an arrest warrant, as she determined that Delgado would not follow the supervision guidelines. *See id*., at 27. Delgado did not appear at the scheduled time on March 6. *See id*., at 28.

A warrant was issued for Delgado's arrest, and on March 13, an officer on patrol in the Hazleton Police Department observed Delgado driving and recognized that he was subject to an arrest warrant. *See id*., at 51. The officer pursued Delgado and initiated a traffic stop. *See id*., at 52. Delgado pulled over in front of a warehouse. *See id*., at 53.

The officer pulled in behind Delgado's vehicle, at which point Delgado began revving the engine of his vehicle. *See id*. Several seconds later, Delgado accelerated away at a high rate of speed. *See id*., at 54. After an

extended chase through the city of Hazleton, at some points reaching 60 MPH, Delgado lost control of his vehicle and hit a parked vehicle as well as the pursuing police vehicle. *See id*., at 55-59. Delgado proceeded to attempt to exit the far side of his vehicle, but was thwarted by the officers. *See id*., at 63-64.

A jury convicted Delgado of fleeing apprehension, and the trial court sentenced Delgado to a term of 18 to 36 months imprisonment. Delgado filed motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

On appeal, Delgado raises a single issue: the sufficiency of the evidence at trial to support his conviction for fleeing apprehension. Specifically, he contends that the evidence was insufficient to support a finding that he was aware that he was the subject of an arrest warrant. A challenge to the sufficiency of evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing *all the evidence admitted* at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted) (emphasis added).

The relevant section of the Crimes Code provides that "[a] person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a [crime.]" 18 Pa.C.S.A. § 5126(a). After reviewing the testimony set forth above, we conclude that the jury was entitled to infer that Delgado was aware that his parole officer would seek his arrest. The jury was entitled to credit the parole officer's testimony that she had warned him that she would issue an arrest warrant if he did not appear on March 6. Furthermore, the circumstances of the police officer's pursuit of Delgado permit an inference of guilty knowledge. We therefore conclude that Delgado is due no relief on this issue.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016

- 4 -